### CLYDE KIDD V. THE STATE.

No. 9588.   Delivered December 9, 1925.

**Perjury—Requested Charge—Improperly Refused.**

> Where, on a trial for perjury, the defensive theory, supported by a
> number of witnesses, was that as a result of illness appellant's memory
> was so seriously impaired that he was not capable of relating a past
> event with accuracy, at the time the false testimony constituting the al-
> leged perjury was given. His requested charge submitting this issue
> should have been given, and its refusal necessitates the reversal of the
> case.

Appeal from the District Court of Potter County.   Tried
below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction of perjury, penalty two years in
the penitentiary.

The opinion states the case.

*Reeder & Reeder,* of Amarillo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,*
Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the District
Court of Potter County of the offense of perjury, and his
punishment assessed at two years in the penitentiary.

Appellant complains of the action of the court in refusing
to give to the jury his special charge No. 5 as follows:

"If you find and believe from the evidence that the health
of the defendant, Clyde Kidd, is impaired, and his memory is
thereby affected and also impaired, and weak, and on account
of such impaired health and memory at the time he testified
in the case of State of Texas vs. Jesse L. Campbell, he could
not recall that he had been therefore indicted for other of-
fenses than murder, you will acquit the defendant and say by
your verdict not guilty."

The appellant failed to testify in the case, but his father
testified that he, appellant, had been afflicted and treated for

epilepsy for many years and since he was small, and that his recollection from early boyhood up was such that he could not remember, and that he, the witness, had to look after all of his important business, and that in his business deals he would try to pay his debts several times. The testimony of the appellant's mother and sister was to the same effect, which also was corroborated by the family physician, Dr. Johnson, who testified to having known the appellant nearly all of his life, and to his being sickly all of his childhood, and having epileptic fits for several years, and to having had typhoid fever, and the effect of same on his nervous system. He further testified to the effects that epileptic fits in childhood and appellant's afflictions would have on his memory in his older age, etc., as follows:

"When one is anemic, it necessarily involves the brain as much or more than any other part of his anatomy. And as I before remarked, it lessens his recalling ability and impairs his brain; it is dull; he can't think back, and reason as a normal individual would. . . . I would say that I am quite sure his ability to remember in detail events that happened within four years ago is about on par with his physical and mental condition, and at this time it is below normal. . . . However, it is possible that, unless something makes a very deep impression on his mind, that he would not remember it."

The testimony above set out clearly raises the issue covered by the special charge refused, and we are of the opinion that the learned judge was in error in refusing to submit same to the jury. There were other special charges given by the court, but same did not cover this phase of the case, and the court's failure to have given such a charge when requested, we think, requires a reversal of this case.

The appellant strenuously insists that the State's evidence failed to support the allegations in the indictment and that the learned judge erred in not instructing a verdict of not guilty. In view of the disposition we have made of this case, we think it unnecessary to pass on this issue at this time.

For the reasons stated we think the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.